# IN THE COURT OF APPEALS OF IOWA

No. 24-0212
Filed April 9, 2025

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**SCOTT ALLEN THOMPSON,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

A defendant appeals his convictions for willful injury and domestic abuse assault, arguing he was entitled to a pretrial determination of his claim to immunity under Iowa Code section 704.13 (Supp. 2017). **AFFIRMED.**

Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered without oral argument by Buller, P.J., Sandy, J., and Telleen, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**TELLEEN, Senior Judge.**

In December 2017, a violent altercation between Scott Thompson and his girlfriend left both parties injured. The State charged Thompson with willful injury causing bodily injury, domestic abuse assault with a dangerous weapon, and domestic abuse assault causing bodily injury. Thompson claimed self-defense. He filed a "motion to enforce immunity" under the recently enacted Iowa Code section 704.13,[1] asking the trial court "to declare that Defendant is immune from further criminal prosecution."

Thompson's motion acknowledged that a pretrial ruling on his immunity defense would require "completion of discovery" and "a full and fair hearing." But he maintained that he should "not be required to await trial" to know whether he was entitled to immunity under section 704.13. The district court denied Thompson's request for a pretrial hearing, informing him that the immunity question would "be determined by the trial judge." Thompson was granted interlocutory review.

While Thompson's appeal was pending, the supreme court decided *State v. Wilson*, 941 N.W.2d 579 (Iowa 2020). In that case, a defendant challenged the district court's decision to reserve ruling on his section 704.13 immunity claim until after trial. He argued "that Iowa Code section 704.13 entitled him to a pretrial evidentiary hearing where he could have presented his justification defense and been vindicated without need for a trial." *Wilson*, 941 N.W.2d at 581. The supreme

---

[1] Iowa Code section 704.13, which took effect in July 2017, provides that "[a] person who is justified in using reasonable force against an aggressor in defense of oneself . . . is immune from criminal or civil liability for all damages incurred by the aggressor pursuant to the application of reasonable force."

court disagreed. It held that section 704.13 "does not require pretrial hearings," primarily because the statute "provides an immunity from 'liability,' not an immunity from 'prosecution.'" *Id.* (internal citation omitted).

Shortly thereafter, Thompson's interlocutory appeal was transferred to our court. Based on the controlling decision in *Wilson*, we affirmed the denial of his request for a pretrial hearing. *State v. Thompson*, No. 19-0049, 2020 WL 3571804, at *1 (Iowa Ct. App. July 1, 2020). A jury later found Thompson guilty as charged. Thompson filed a motion for new trial under Iowa Rule of Criminal Procedure 2.24(2)(b), arguing the greater weight of the evidence supported his justification defense.[2] The district court denied the motion and sentenced Thompson to a term of imprisonment.

In this appeal, Thompson contends the district court erred by refusing to enter a pretrial ruling on his claim to immunity under section 704.13. He concedes that he was properly denied a pretrial hearing under *Wilson*. But he argues that "the *Wilson* court did not face, and did not rule upon," the question of whether a district court must resolve a claim to section 704.13 immunity *without* a hearing. Thompson posits that Iowa Rule of Criminal Procedure 2.11 permits the

---

[2] Thompson's motion for new trial did not reference the Iowa Code section 704.13 or request a separate determination of immunity under the statute. We find no indication in the record that Thompson sought a posttrial ruling on that issue. To the extent he asserts the district court erred by failing make such a finding, Thompson has failed to preserve that claim. *See State v. Van Hemert*, No. 19-1273, 2020 WL 5944441 (Iowa Ct. App. Oct. 7, 2020) ("Van Hemert never requested a post-trial immunity hearing in the district court. Thus, the claim is unpreserved on direct appeal.").

court to make such a determination "as a matter of law" and "from undisputed facts."[3]

The State argues Thompson's claim is barred by res judicata or, at the very least, contrary to our "policy against piecemeal appeals." Although we share these concerns, we choose to reach the merits. To the extent Thompson presents a new question in this appeal, our answer is the same: *Wilson* controls. The supreme court reasoned that section 704.13 provides an immunity from criminal "liability," not an immunity from criminal "prosecution." *Wilson*, 941 N.W.2d at 581. Based on that distinction, it rejected a defendant's argument that the statute entitled him to "vindicat[ion] without need for a trial." *Id.* Thompson points to "clues" in the court's language in an attempt to show *Wilson* stopped short of deciding the issue he raises here. But we do not scrutinize judicial writing in the same way we interpret statutory text. Considered in the context of its facts, *Wilson* clearly authorizes courts to reserve ruling on section 704.13 immunity until after trial. Because the district court had no obligation to adjudicate Thompson's immunity defense prior to trial, we find no legal error requiring correction.

We need not decide whether a claim of immunity under section 704.13 can ever be determined "as a matter of law." Thompson's motion indicated that resolution of his immunity defense would require "completion of discovery" and "a full and fair hearing," acknowledging that immunity was a factual issue in this case.

---

[3] Thompson contends that *Wilson* suggested as much when it compared section 704.13's "immunity from liability" to the tort immunity available to municipalities under Iowa Code section 670.4. *See* 941 N.W.2d at 589. The court observed that municipal defendants have no "right to a special pretrial mechanism to determine immunity," although they "can use otherwise available procedures . . . such as a summary judgment motion" to assert the defense. *Id.*

Thompson never presented a pure question of law. And even if he had, section 704.13's immunity against "liability" did not require the district court to resolve that question in advance of trial.

**AFFIRMED.**